SPOHN v. EMPLOYMENT SECURITY COMMISSION.

UNEMPLOYMENT COMPENSATION—CARPENTERS—ELIGIBILITY FOR BENEFITS—EVIDENCE—SUITABILITY OF AVAILABLE WORK.

> Finding of the appeal board of the employment security commission that plaintiff carpenter whose previous employment had been at fixed wages was ineligible for benefits under the employment security act was properly found by the circuit court to have been against the great weight of the evidence, where it appears that at the outset he registered at a commission office, continued to report for work there and at his union hall and sought work during the 26-day period by contacting the business agents of his union in his home city and elsewhere, applied for work at 3 factories and terminated his unemployment by becoming self-employed in building small homes and garages; such work as was shown to be available being shown to be unsuitable because at substandard rates and such as to impose upon the worker at least a partial assumption of risk as to whether he would make any money at all (CLS 1952, §§ 421.28, 421.29).

Appeal from Genesee; Roth (Stephen J.), J. Submitted April 14, 1955. (Docket No. 26, Calendar No. 46,328.) Decided June 6, 1955.

James N. Spohn proceeded by certiorari in circuit court against the Michigan Employment Security Commission, its appeal board, and J. A. Utley Company, to review denial of his claim for unem-

REFERENCES FOR POINTS IN HEADNOTES

48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds §§ 34–38.

Circumstances of leaving employment, availability for work, or nature of excuse for refusing re-employment as affecting right to social security or unemployment compensation. 158 ALR 396; 165 ALR 1382.

ployment compensation benefits. Judgment for plaintiff. Defendant company appeals. Affirmed.

*Zwerdling, Zwerdling, Keith & Livingston* (*A. L. Zwerdling,* of counsel), for plaintiff.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *George M. Bourgon* and *Edward J. Setlock,* Assistants Attorney General, for the defendant Commission, asking affirmance.

*Fildew, Degree, Fleming & Gilbride,* for defendant J. A. Utley Company.

DETHMERS, J. Defendant J. A. Utley Company, the employer, appeals from a circuit court judgment in plaintiff's favor for unemployment compensation covering a 26-day period. The sole question before the referee, appeal board and circuit court, and the only one raised in defendant's statement of questions involved here, goes to plaintiff's eligibility for benefits under section 28(a) and (c) of the act* (CLS 1952, § 421.28[a], [c], Stat Ann 1953 Cum Supp § 17.530[a], [c]). Was plaintiff, during that period of unemployment, seeking work and able and available to perform full-time work of a character generally similar to work for which he had previously received wages, which, under the language of the statute, is requisite to eligibilty? The proofs show that at the outset he registered at an employment security commission office and thereafter continued to report for work there and at his union hall and, in addition, personally sought such work during the 26-day period by contacting the business agents of his union, both in his home city and in

* PA 1936 (Ex Sess), No 1.—REPORTER.

Detroit, and by applying for work at 3 manufacturing plants where he was told that he was not needed. He terminated his unemployment by becoming self-employed in building small homes and garages.

The trial court held plaintiff eligible for benefits. We think that under the proofs above noted the court was correct in holding, in effect, that the finding of the appeal board that plaintiff had not shown that he had been available for or seeking work and, hence, that he had not established eligibility for benefits under the statute was contrary to the great weight of the evidence.

Defendant employer urges, however, that the record presents the question whether a claimant is eligible for benefits under the act when he has restricted his availability for work to union work. This it predicates on the following proofs: that plaintiff was a member of a carpenters' union and was an experienced carpenter as well as millwright; that during the period of his unemployment want ads for carpenters appeared in local newspapers, to which he responded; that he inquired whether these were union jobs and was told that they were not and that that was all he asked with respect thereto; that the business agent of his union told him that he could not take nonunion work. Were these all the proofs in the record concerning the advertised jobs the question urged by defendant employer might be pertinent. We need not pass on it here, however, inasmuch as proofs adduced on plaintiff's behalf show the following: that the advertisements did not offer work or jobs at fixed wages, but "commission deals," in which 3 or 4 carpenters were expected to combine as a crew, then bid on a job and assume the risk of whether they would make any money, depending on circumstances; that experience had demonstrated that these jobs were all "substandard rates." Plaintiff's previous employment

had been for fixed wages. The offerings could scarcely be considered to be for work of a character generally similar to work for which plaintiff had previously received wages, as contemplated by section 28(c), in view of the legislative intent expressed in section 29 of the act, as follows:

"Notwithstanding any other provisions of this act, no work shall be deemed suitable and benefits shall not be denied under this act to any otherwise eligible individual for refusing to accept new work under any of the following conditions: * * * (b) if the remuneration, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality." CLS 1952, § 421.29 (Stat Ann 1953 Cum Supp § 17.531).

The character and suitableness of the work offered in the advertisements, not the fact that it was nonunion, afford the basis for decision here.

Affirmed, with costs to plaintiff.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.